IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MORRIS BRADLEY, § | | |
| CID # 887594, § | | |
|     PETITIONER, § | | |
| § | | |
| v. § | NO. 3:03-CV-616-M | |
| § | | |
| DOUGLAS DRETKE, DIRECTOR, § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, CORRECTIONAL § | | |
| INSTITUTIONS DIVISION, § | | |
|     RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. Parties:** Petitioner David Morris Bradley is an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History:** A jury found Bradley guilty of aggravated sexual assault, and the trial court sentenced Bradley to life confinement. (2 State Habeas R. at 68.) The appellate court thoroughly detailed the facts of the offense as follows:

> The record shows that the 12 year old victim [A.W.] was sexually abused, both vaginally and anally. [A.W.] testified that she was alone in the apartment and that she was asleep when a man got on her back, tied her wrists with a piece of rope,

put a black bag over her head and a sock in her mouth, turned her over, pulled her to the edge of the bed, put Vaseline on her private area, and sexually assaulted her. During the assault, the man threatened to kill [A.W.], her brother, and her mother. [A.W.] testified that the man was wearing blue pants and a white muscle shirt and that he had a stocking or panty hose covering his face. [A.W.] also testified that the man's voice sounded like [Bradley's] and that the man's arms were hairy like [Bradley's]. [Bradley] was [A.W.'s] mother's boyfriend. [A.W.] reported the crime to a friend and then to the police shortly after the man left her apartment.

A sexual assault examination was performed the day of the assault. The exam revealed fresh trauma to the victim's vaginal area and anal area. The inside of [A.W.'s] vagina was bloody, bruised, and swollen; and there were tears in her hymen. The exam also revealed red linear skin burns on [A.W.'s] wrists that were consistent with rope burns. Stains on [A.W.'s] panties and the vaginal swab were tested by a forensic serologist. Both tested positive for acid phosphatase, which suggests the existence of semen. DNA testing was also performed. The results of one type of DNA testing on the samples were inconclusive because the samples obtained from the panties and the vaginal swab were not large enough. The results of another type of DNA testing that allows smaller quantities to be tested showed that [Bradley] was a potential contributor of the sperm. The expert witness testified that the bandings were very rare and that the probability of selecting an unrelated individual at random with a similar DNA type was 1 in 170,000 African Americans.

One of the victim's neighbors, Tanya Williams, testified that, on the morning of the assault, she was parked near the window of [A.W.'s] apartment that was left open after the assault. As Williams was getting into her car, a man fell down next to her car. The man was wearing blue pants and a white shirt. Williams watched as the man got up, ran across the parking lot to a lime green Grand Am, and drove away. In court, Williams identified [Bradley] as the man who had fallen near her car. On the day of the offense, while the police were at [A.W.'s] apartment, Williams told another neighbor what she had seen. The other neighbor realized that the car matched the description of [Bradley's] car. Shortly thereafter, [A.W.'s] mother showed Williams a picture of [Bradley]. Williams identified the man in the picture as the same man she had seen fall next to her car. The next day, Williams picked [Bradley's] picture out of a photographic lineup.

Witnesses from [Bradley's] place of employment testified that he left work for about an hour on the morning of the offense, stating that he had to go to the dentist. The time frame of [Bradley's] absence from work coincided with the offense. [Bradley] first told police that, during his absence from work on the morning of the offense, he went to Denny's. When [Bradley] realized that the police were going to check out that story, [Bradley] said that he did not go to Denny's but that he went to the post office.

*Bradley v. State*, No. 11-99-264-CR, 2001 WL 34377207, at 1-2 (Tex. App.—Eastland Feb. 1, 2001,

pet. ref'd) (not designated for publication).

The Eleventh District Court of Appeals affirmed the trial court's judgment,[1] and the Texas Court of Criminal Appeals refused Bradley's pro se petition for discretionary review on May 30, 2001. (2 State Habeas R. at 68.) On June 13, 2002, Bradley filed a state application for habeas corpus relief challenging his aggravated sexual assault conviction,[2] which the Court of Criminal Appeals denied without written order on the findings of the trial court on January 15, 2003. *Ex parte Bradley*, No. 54,642-02 (Tex. Crim. App. Jan. 15, 2003) (not designated for publication). Bradley filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on March 18, 2003.

**D. Issues:** Bradley argues that

1. the evidence is factually insufficient to sustain his conviction;

2. evidence that A.W.'s mother threatened one of the detectives was wrongfully admitted;

3. trial counsel was constitutionally ineffective;

4. his prior conviction used for enhancement is void because the indictment judge and the trial judge failed to file an oath of office; and

5. his conviction is void because the trial judge and the police officers involved did not file the required oaths.

**E. Exhaustion:** Dretke argues that Bradley's claim regarding evidence admission has not

---

[1] The appellate court modified the trial court's judgment to reflect that Bradley's sentence had been enhanced with a prior murder conviction. *Bradley*, 2001 WL 34377207, at *2-3.

[2] Bradley also filed a state habeas application attacking his prior murder conviction. *Ex parte Bradley*, No. 54,642-01 (Tex. Crim. App. Jan. 15, 2003) (not designated for publication). His federal habeas petition challenging the murder conviction was denied as barred by the applicable statute of limitations. *Bradley v. Dretke*, No. 3:03-CV-617-N, 2004 WL 2186748 (N.D. Tex. Sept. 28, 2004), *accepted*, No. 3:03-CV-617-N (N.D. Tex. Nov. 24, 2004).

been exhausted and asserts that it has been procedurally defaulted.[3] Although Dretke failed to assert whether or not he believes Bradley exhausted his available state court remedies on the remaining claims, he did not expressly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Nevertheless, this court may determine exhaustion sua sponte. *See Graham v. Johnson*, 94 F.3d 958, 970-71 (5th Cir. 1996) (stating that court may accept or reject State's waiver of exhaustion or may raise exhaustion sua sponte).

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Bradley did not allege in either his petition for discretionary review or his state habeas corpus applications that trial counsel was constitutionally ineffective for failing to discover or object to the fact that required oaths were not filed by the court and police officials involved in his prior murder conviction and his sexual assault conviction. (Federal Pet. at 7-8; Pet'r Mem. at 4-5.) Thus, Bradley seeks federal habeas relief on factual allegations that were never made in the Texas courts, which renders this claim unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

---

[3]This assertion is addressed below in Section V.

However, Bradley cannot return to the Texas court to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Bradley has failed to show either of these requirements. Accordingly, this claim is unexhausted and procedurally barred. 28 U.S.C. § 2254(b)(2).

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.

362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV. SUFFICIENCY OF THE EVIDENCE

In his first claim, Bradley argues that the evidence is factually insufficient to support his conviction because A.W.'s testimony, which was the only evidence connecting him to the crime, was contradicted and unreliable. (Federal Pet. at 7; Pet'r Mem. at 1-2.) However, a factual insufficiency argument does not implicate any federally-secured right and, thus, is not cognizable on federal habeas review.[4] *Fox v. Johnson*, No. 4:00-CV-291-Y, 2001 WL 432247, at *2 (N.D. Tex. Apr. 20, 2001), *adopted*, 2001 WL 540215 (N.D. Tex. May 17, 2001); *see also Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002).

---

[4]Even if this Court construed Bradley's claim as one of legal insufficiency, such a claim was not raised in the Texas Court of Criminal Appeals in either his petition for discretionary review or his state habeas application. Thus, a legal-insufficiency claim would be unexhausted and procedurally barred from this Court's review.

## V. ADMISSION OF EVIDENCE

At trial, A.W.'s mother tried to provide Bradley with an alibi for the time of the assault. (3 R.R. at 162, 165.) She testified that she did not believe Bradley raped A.W. and that she could not remember whether or not she threatened to send A.W. to Louisiana for implicating Bradley. (*Id.* at 180, 184-85.) Detective Jerry Williams subsequently testified that A.W.'s mother commented to him during a break in the trial that "all police officers were lying and that she put cyanide in [Detective Williams's] drink that was left over." (4 R.R. at 200.) Bradley argues in his second claim that this evidence was improperly admitted. (Federal Pet. at 7; Pet'r Mem. at 2-3.)

Dretke argues that this claim is not exhausted because Bradley's federal due-process argument was merely a "fleeting reference" which was insufficient to fairly present the claim to the state courts. (Resp't Answer at 7.) However, in his state habeas application challenging his sexual-assault conviction, Bradley included in his brief a one-paragraph explanation of his claim that the admission of the evidence violated "the right to a fair trial and due course of the law." (2 State Habeas R. at 10.) In his federal habeas petition, Bradley again argued that the admission of the evidence violated his rights to due process. (Pet'r Mem. at 2-3.) Thus, Bradley fairly presented the federal portion of his due process claim to the state courts, and this claim was therefore exhausted. *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004); *Martinez v. Johnson*, 255 F.3d 229, 242 n.18 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002); *Bryant v. Caldwell*, 484 F.2d 65, 66 (5th Cir. 1973), *cert. denied*, 415 U.S. 981 (1974); *compare Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (holding fleeting reference to United States Constitution at the end of lengthy, solely state-law argument does not exhaust federal claim).

Nevertheless, Bradley is not entitled to relief. In habeas actions, federal courts do not sit to review the mere admissibility of evidence under state law. *Little v. Johnson*, 162 F.3d 855, 862 (5th

Cir. 1998), *cert. denied*, 526 U.S. 1118 (1999). State courts' evidentiary rulings warrant habeas relief when errors are so extreme that they constitute a denial of fundamental fairness under the Due Process Clause. *Id.* In other words, habeas relief is warranted only when erroneous admission or exclusion played a crucial, critical, and highly significant role in the trial. *Pemberton v. Collins*, 991 F.2d 1218, 1227 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).

As held by the state court of appeals, Detective Williams's testimony was relevant and properly admitted under state law. *Bradley*, 2001 WL 34377207, at *2. Bradley has failed to overcome the presumption of correctness of these findings. 28 U.S.C. § 2254(e)(1). Further, Bradley was not denied a fundamentally fair trial by the admission of the evidence. *E.g., Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir.), *cert. dismissed*, 524 U.S. 965 (1998); *Rodgers v. State*, 486 S.W.2d 794, 796 (Tex. Crim. App. 1972). Accordingly, he is entitled to no relief on this claim.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

In his third claim, Bradley argues that trial counsel was constitutionally ineffective. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

8

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

Bradley's ineffective assistance complaint was reviewed and rejected during state collateral review proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

Here, Bradley asserts that trial counsel was constitutionally ineffective when he failed to ask for a jury instruction or otherwise properly preserve the error regarding Tanya Williams's "tainted" in-court identification of Bradley. (Federal Pet. at 7; Pet'r Mem. at 3-4.) At the jury-charge conference, defense counsel stated that he did not know A.W.'s mother had shown Williams a photo of Bradley until it came out in trial testimony. (5 R.R. at 119.) The trial court denied counsel's resultant motion to suppress Williams's in-court and prior photographic identifications. (*Id.* at 119-20.)

First, Bradley cannot meet the prejudice requirement of the *Strickland* test. As shown by the appellate court's recitation of the facts set forth above in section I.C., the evidence establishes Bradley's guilt; thus, he cannot show that the result of the trial would have been different had counsel acted differently. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148

9

(1999).

Second, Bradley has failed to show deficient performance and has thus failed to overcome the presumption that the state habeas courts' determination that counsel was not ineffective was correct. 28 U.S.C. § 2254(e)(1). (State Habeas R. at 57.) Bradley was not entitled to a jury instruction on the lawfulness of Williams's in-court identification. *Thomas v. State*, 788 S.W.2d 887, 889-90 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). Thus, counsel was not deficient for failing to procure such an instruction or preserve the issue for appeal. *Cf., e.g., Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

## VII. OATHS

Lastly, Bradley argues that his murder conviction, which was used to enhance his sexual-assault sentence, is void because the indictment judge and the trial judge failed to file the required oath with Texas' Secretary of State. He likewise contends that his sexual-assault conviction is void because the trial judge and all involved police officers failed to file the required oaths. (Federal Pet. at 8; Pet'r Mem. at 5-7.) Bradley has failed to prove that the alleged failure of the judges and the police officers to file their oaths constitutes a federal constitutional violation, and such failure

renders this claim not cognizable.[5] 28 U.S.C. §§ 2241(c)(3), 2254(a). Additionally, Bradley's claim is conclusory in that he provides no evidence to show that the judges and officials did not, in fact, file the required oaths.[6] *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

## VIII. SUMMARY

Bradley is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Bradley was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IX. EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary. RULES GOVERNING SECTION 2254 CASES 8(a).

---

[5]Further, Jackson's claim was improperly raised for the first time on collateral attack, which arguably procedurally bars this Court from addressing the claim. *Espinosa v. State*, 115 S.W.3d 64, 66 (Tex. App.—San Antonio 2003, no pet.); *cf. Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (holding that where a state habeas applicant initially challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was implicitly denied because it was not cognizable). (1 State Habeas R. at 34; 2 State Habeas R. at 46, 57-58.)

[6]Indeed, Bradley attaches a statement from the Secretary of State that the trial judge from his murder conviction filed the required oaths. (Federal Pet. at 8B.)

## X. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Under 28 U.S. C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE